IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH R. SPRINGFIELD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    CV 04-PT-2509-E |
| | ) |
| WARDEN MARTHA L. JORDAN, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This matter is before the court on the petitioner's "Motion for a Nunc Pro Tunc Designation." (Motion).[1]  For the reasons stated below, the motion is due to be denied.

## BACKGROUND

The petitioner, Kenneth Springfield, is currently incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi ("FCI Yazoo City").  The petitioner is serving an aggregate sentence of incarceration of 22 years, 6 months, and 25 days on his drug conspiracy conviction (21 U.S.C. §§ 841(a) & 846)) (Ex. 1)[2] in *United States v. Kenneth Springfield*, MCR-94-05026-003 (N.D. Fla. 1995) (the "Panama City case") and his conviction on the substantive drug offense of distributing in excess of five grams of cocaine base in *United States v. Kenneth Springfield*, No. 93-52-CR-T-25(A) (M.D. Fla. 1995) (the "Tampa Case").  (Ex. 3).

He initially was arrested on a state drug warrant on July 10, 1994.  Soon thereafter, a state violator warrant was filed as a detainer. (Ex. 4 at ¶ 4; Ex. 5).  He was "loaned" to federal officials in the Panama City case on September 28, 1994, on a writ of habeas corpus ad

---

[1] The motion is located at document number 2 in the file.

[2] The exhibits are located at document 11.

prosequendum. (Ex. 4 at ¶ 5). He was sentenced in the Panama City case on March 24, 1995, to 140 months custody. On or about April 3, 1995, he was transferred to Tampa to answer the charges in that District. He was convicted of distributing five grams or more of cocaine following a jury trial. He was sentenced to serve 262 months custody on December 19, 1995. (*Id*. at ¶ 6). The sentence was to run concurrent with the Panama City sentence. (*Id*.).

The Bureau of Prisons ("BOP") calculated his aggregate sentence, resulting in a term of 22 years, 6 months, and 25 days.[3] (*Id*. at ¶ 7). He was given credit for his prior jail term from his purported arrest date of July 9, 1994.[4] The state charges were later dismissed, leaving only the outstanding warrant for the purported parole violation. (Ex. 7). The petitioner's full term expiration date is February 2, 2017, while his projected release date is March 9, 2014, via good conduct time credit. (Ex. 1 at 3; Ex. 4 at ¶ 7). Following the petitioner's designation to the BOP, all detainers have been resolved and the petitioner has no pending state detainers. (*Id*.).

On December 7, 2001, the petitioner submitted an Administrative Remedy Request No. 255610-F1 to the BOP, requesting a nunc pro tunc designation, which was denied by the Warden. (Ex. 9). The petitioner submitted an appeal on March 5, 2002, which was denied on March 25, 2002. (*Id*.). His final appeal was submitted on July 11, 2002, and was denied on August 15, 2002. (*Id*.).

On August 19, 2004, he submitted the present motion, asserting that the BOP failed to credit him with all of the jail time ordered by the federal courts. (Doc. 2 at 1). He requests that

---

[3] The date the computation began is the date of imposition of the first federal sentence, March 24, 1995. (Ex. 4 at ¶ 7).

[4] United States District Judge Lacey A. Collier amended the Presentence Investigation Report ("PSI") in the Panama City case to reflect an arrest date of July 9, 1994. Accordingly, the Bureau of Prisons used that date as the date of arrest for calculating the defendant's sentence. (Ex. 4 at ¶ 4).

this court order the BOP to credit him with all of the jail credit he has earned. (*Id*. at 4). The court entered an order requiring the respondents to appear and show cause why the requested relief should not be granted. The respondents filed a response asserting that the petitioner's motion is due to be denied because the petitioner's first sentence cannot be calculated to run concurrently with the second sentence until the second sentence was imposed. Specifically, the respondents state, "Neither the Bureau nor the sentencing court has the authority to commence service of a second concurrent federal sentence on the same date as a first federal sentence." (Doc. 11 at 6). The court afforded the petitioner an opportunity to respond. He has failed to file anything in opposition to the respondents' response.

## DISCUSSION

Title 18, United States Code, Section 3585(a), controls when a sentence commences. It provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). Title 18, United States Code, Section 3584, states the rule for instances where multiple terms of imprisonment are imposed. It provides:

> . . . if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . multiple terms of imprisonment run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584. BOP Program Statement 5880.28, <u>Sentence Computation Manual, CCCA of 1984</u>,[5] incorporates the statutory provisions that provide guidelines on all sentencing matters for

---

[5] The relevant provisions of the Program Statement are found at exhibit 10 to document 11.

3

the BOP. The relevant BOP program statement provides that the phrase "an undischarged term of imprisonment" applies to any lawfully imposed federal or non-federal sentence. (Ex. 10 at 1-31). Sentences imposed on different dates based on convictions arising out of different trials are considered to be imposed at different times even if the trials arose out of the same indictment. (*Id*. at 1-32). "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single aggregate term of imprisonment." (*Id*. at 1-33). Additionally, the program statement emphatically provides that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it was imposed." (*Id*. at 1-13).

The respondents argue that "[t]he petitioner's sentences cannot be concurrent in the sense of having the earlier (*i.e.*, the same as the first Florida sentence) starting date, because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served. See United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) citing Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972);[6] see also Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983)." The petitioner has offered nothing to refute the arguments and the authorities cited by the respondents.

The court agrees with the respondents. As stated by the court in *Shelvy v. Whitfield*, 718 F.2d 441, 444 (D.C. Cir. 1983):

> [p]recedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent" manner. Rather, the second sentence runs together with the remainder of the one than being served. In other words, when a sentence is ordered to be concurrent with a

---

[6] "These Fifth Circuit cases were binding precedent at the time of the imposition of the Florida federal court sentences. Bonner v. City of Pritchard, Ala., 661 F.2d 1205 (11th Cir. 1981) (en banc)." (Doc. 11 at n.3).

pre-existing sentence, it only means the inmate does not have to fully complete the pre-existing sentence before starting to serve time on the newly imposed sentence.

Specifically, the court finds that the BOP correctly calculated the petitioner's custodial sentence. The Panama City sentence was an undischarged term of imprisonment at the time of the Tampa sentence because it had not been completed or dismissed. The sentence in the Panama City case commenced on the date of its imposition, March 24, 1995. When the sentence in the Tampa Case was imposed on December 19, 1995, the petitioner had already served 8 months and 25 days. The Tampa Court "ordered that the sentence be served concurrently with the undischarged portion of the 140 month sentence the defendant is currently serving from the United States District Court in the Northern District [of Florida], specifically case number [M]CR 94-05026." (Doc. 2, Ex. C at 12-13). Under the circumstances, this means that the Tampa sentence was to run concurrent with the portion of the previous sentence not yet served. There is no other permissible interpretation under the present circumstances. The petitioner's motion for nunc pro tunc designation is due to be denied.

To the extent the petitioner asserts that United States Sentencing Commission Guidelines Manual (Sentencing Guidelines), Section 5G1.3(c), requires that the sentence be calculated otherwise, he is incorrect. (Doc. 2 at 10-11).

Section 5G1.3, states,

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
>
> (b) . . .[If] . . . the undischarged term of imprisonment resulted from offenses that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.

5

> (c) (Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3. Application Note 2 thereto provides:

> <u>Adjusted Concurrent Sentence - Subsection (b) Cases</u>
>
> When a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

U.S.S.G. § 5G1.3, Application Note 2.

It is evident that the Tampa court understood the clear language of Section 5G1.3 and imposed the sentence it deemed appropriate. Specifically, the court stated that the petitioner "was committed to the custody of the Bureau of Prisons to be imprisoned for a term of 262 months pursuant to [5G1.3]." (Doc. 2, Ex. C at 2-3). The petitioner's assertions are without merit.

The petitioner's last "argument is that, while the start date of July 9, 1994, is the correct date to begin calculation of his sentence, the end date of March 24, 1995, is incorrect because it results in his not receiving 'all' of his jail credit." (Doc. 11 at 11 (citing Motion at 4)). He further asserts that "he should have additional jail credit from March 25, 1995, to the date of imposition of sentence in the second federal case on December 19, 1995." (*Id.*).

The controlling statute, Title 18, United States Code, Section 3585(b), states as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

6

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

  that has not been credited against another sentence.

18 U.S.C. § 3585(b).

  BOP appropriately credited the petitioner with the time from his arrest date to the date of imposition of the first federal sentence. (*See* Ex. 4 at ¶ 10). Once the second federal sentence was imposed, BOP again correctly applied the prior jail credit to the total aggregate sentence. (*See* Ex. 4 at ¶ 10). BOP correctly did not grant the petitioner credit for the time he spent serving only the first federal sentence. (Ex. 10 at 1-17; Ex. 4 at ¶ 10).

  Lastly, the petitioner cites *Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990), and other cases, in support of his claim of entitlement to nunc pro tunc designation. (Doc. 2 at 8-9). The respondents assert that "[t]he Barden case supports the Bureau's authority to designate a state facility for service of a federal sentence, thus, allowing the federal sentence to run concurrent with the state sentence. Without the designation, the federal sentence would not begin to run until the prisoner completed the state sentence and was transferred to federal custody. In other words, the federal sentence would not begin to run until the inmate was received into federal custody." (Doc. 11 at 13).

  The respondents are correct that neither nunc pro tunc designation nor the Barden apply in the petitioner's circumstances because he is serving two federal sentences.

## CONCLUSION

Premised on the foregoing, the petitioner's motion is due to be denied. An appropriate

7

order will be entered.

**DONE**, this 7th day of February, 2005.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**

Case 1:04-cv-02509-RBP-JEO   Document 12   Filed 02/07/05   Page 9 of 9